Case 04-60729 Filed 06/09/05 Doc 26

POSTED ON WEB SITE

FILED

JUN -9 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 04-60729-B-13
)
Deon P. McCracken, ) DC No. JES-1
)
      Debtor. )
)

**MEMORANDUM DECISION REGARDING APPLICATION FOR APPROVAL OF CHAPTER 7 TRUSTEE'S FEES AND EXPENSES**

Terri L. McCracken, Esq., appeared for the debtor Deon P. McCracken (the "Debtor").

James Edward Salven appeared as and for the former chapter 7 trustee.

    The application for approval of chapter 7 trustee's fees and expenses (the "Application") was argued before the undersigned on May 17, 2005. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 503. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (B). For the reasons set forth below, $400 of the Application is denied with prejudice. The balance of the Application is premature and will therefore be denied without prejudice.

    This bankruptcy case was filed as a "no-asset" chapter 7 on December 30, 2004. James Edward Salven was appointed to act as the chapter 7 trustee (the "Trustee"). On her schedules, the Debtor listed a ½ future interest in real property located at 726 East San Carlos Avenue, Fresno, California, which is currently subject to a life estate in favor of Rosemary Milburn (the "Property"). The Debtor valued her interest in the Property at $ 0.00 and she did not exempt her interest in the Property.

    Under 11 U.S.C. § 704, the Trustee had the duty to, *inter alia*, investigate the financial affairs of the debtor and to collect and reduce to money the property of the estate. Through his investigation at the meeting of creditors, and after consulting with a realtor, the Trustee determined that the Property had a potential value of more than $100,000 which could be sold, subject to the life estate, for the benefit of the creditors. On February 18, 2005, the Trustee filed a report of assets and requested that a notice of assets be sent to

creditors so that they could file proofs of claim. That notice was sent the same day. However, to prevent the Trustee from selling her interest in the Property, the Debtor applied to convert her chapter 7 case to chapter 13 on March 2, 2005. The case was converted by order entered on March 4, 2005. The Trustee's jurisdiction over the assets of the estate terminated upon conversion of the case.

The Debtor's chapter 13 plan purports to pay 100% of the unsecured claims, estimated in the Plan at $10,000, at the rate of $200 per month over a period of 60 months (the "Plan"). The Trustee filed this Application for compensation of his time and expenses incurred in the chapter 7, prior to conversion, in the amount of $2,565 and $450.58, respectively. The Trustee filed a corresponding proof of administrative claim in the chapter 13 in the amount of $3,015.58. The court construes the Debtor's opposition to this Application to be an objection to the Trustee's proof of claim. At the hearing, the court ruled that $400 of the Trustee's costs, representing a payment to the realtor, would be disallowed because the Trustee never obtained court approval to employ a realtor pursuant to 11 U.S.C. § 327. The court took under submission the remainder of the Trustee's Application, in the amount of $2,615.58.

The Debtor objects to allowance of the Trustee's administrative claim which, if approved, she will have to pay through her Plan in addition to the other claims. However, the Trustee's Application and the Debtor's objection are premature because the Plan has not yet been confirmed. It is not clear that the Debtor can confirm a chapter 13 plan or that the Debtor will actually have to pay any of the Trustee's fees through a chapter 13 plan. On the record before the court, including the claims register, it appears that the Plan is not feasible, meaning that it cannot be confirmed at this time. The court does not need to rule on the Trustee's Application unless and until the Debtor is otherwise able to confirm her Plan and stay in chapter 13. If she cannot confirm a feasible Plan, this case will likely be reconverted to chapter 7 and, presumably, the Trustee will be reinstated to administer the estate. In that event, the Trustee's compensation will be governed by 11 U.S.C. § 326 and this Application will become moot.

Pursuant to 11 U.S.C. § 1325(a)(4), the Plan must pay to the unsecured creditors at least as much as they would receive from the chapter 7 Trustee if the case had remained in chapter 7. Based on the Trustee's estimate of value in the Property (at least $100,000), it appears that the Debtor will have to pay all of her unsecured claims in full to confirm a chapter 13 plan.

The Debtor's Plan provides for payments to the chapter 13 trustee in the amount of $200 per month for 60 months, for a total of $12,000. After chapter 13 trustee's fees and expenses, about $10,000 of this will actually go to creditors. It is not clear to the court why the Plan only projects that there will be $10,000 of unsecured claims because the Debtor's schedules list unsecured nonpriority debts of $35,803.98. The claims register shows that the unsecured claims filed to date, excluding the Trustee's administrative claim, already exceed $18,500. If the Trustee's Application is approved, the unsecured claims will exceed $21,100. Based on the claims filed to date, the Debtor will need to pay approximately twice as much money (approximately $400 per month), to fund a confirmable chapter 13 plan. The last date for creditors to file claims in this case does not expire until August 1, 2005. There is a very real possibility that the claims actually filed in this case, and the amount needed to fund the Plan, will increase substantially.

Under 11 U.S.C. § 1325(a)(6), the Debtor must also establish, as an element of confirmation of her Plan, that she "will be able to make all payments under the plan and to comply with the plan." The Debtor's Schedules I & J show that the Debtor does not even have enough disposable income to fund the Plan in its present form ($200 per month). There is nothing in the record to suggest that the Debtor will be able to fund a Plan which provides for full payment of the unsecured claims scheduled or actually filed. The present Plan does not appear to be confirmable and the court is not persuaded that this case will remain in chapter 13.

Based on the foregoing, the Trustee's Application for chapter 7 administrative expenses shall be DENIED with prejudice to the extent of the $400 he paid to a realtor. The balance of the Trustee's Application, $2,615.58 shall be DENIED without prejudice to the

Trustee's right to re-notice the Application for further consideration, or the Debtor's right to object to the Trustee's proof of claim, when and if it appears that the Debtor can confirm an otherwise feasible chapter 13 plan.

Dated: June ___9___, 2005

_W. Richard Lee_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Deon McCracken
1405 E CYPRESS #222
REEDLEY, CA 93654

Deon McCracken
1405 E CYPRESS #222
REEDLEY, CA 93654

Office of the US Trustee
1130 O St, Room 1110
Fresno, CA 93721

M. Enmark
3447 W Shaw Ave
Fresno, CA 93711

James Salven
PO BOX 3346
Pinedale CA 93650

DATED: 6/10/05        By: *Leticia Pietinski*
                          Deputy Clerk

EDC 3-070 (New 4/21/00)