POSTED ON WEB SITE



FILED

JUN 1 5 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                           )   Case No. 04-60729-B-13
                                                )
Deon P. McCracken,                              )
                                                )
            Debtor.                             )
_____)

**MEMORANDUM DECISION DENYING
CONFIRMATION OF CHAPTER 13 PLAN**

The debtor, Deon P. McCracken, has submitted an order for confirmation of her chapter 13 plan ("Plan"). After proper notice to all creditors, there were no objections to confirmation. However, for the reasons set forth below, the court cannot find that the Plan meets the requirements of 11 U.S.C. § 1325 and confirmation will be denied.

This bankruptcy case was filed as a "no-asset" chapter 7 on December 30, 2004. James Edward Salven was appointed to act as the chapter 7 trustee (the "Trustee"). On her schedules, the Debtor listed a ½ future interest in real property located at 726 East San Carlos Avenue, Fresno, California, which is currently subject to a life estate in favor of Rosemary Milburn (the "Property"). The Debtor valued her interest in the Property at $ 0.00 and she did not exempt her interest in the Property.

Under 11 U.S.C. § 704, the Trustee had the duty to, *inter alia*, investigate the financial affairs of the debtor and to collect and reduce to money the property of the estate. Through his investigation at the meeting of creditors, and after consulting with a realtor, the Trustee determined that the Property had a potential value of more than $100,000 which could be sold, subject to the life estate, for the benefit of the creditors. On February 18, 2005, the Trustee filed a report of assets and requested that a notice of assets be sent to creditors so that they could file proofs of claim. That notice was sent the same day. However, to prevent the Trustee from selling her interest in the Property, the Debtor applied

to convert her chapter 7 case to chapter 13 on March 2, 2005. The case was converted by order entered on March 4, 2005. The Trustee's jurisdiction over the assets of the estate terminated upon conversion of the case.[1] On March 22, 2005, the Debtor filed her chapter 13 Plan which is now before the court.

Pursuant to 11 U.S.C. § 1325(a)(4), the Plan must pay to the unsecured creditors at least as much as they would receive from the chapter 7 Trustee if the case had remained in chapter 7. Based on the Trustee's estimate of value in the Property (at least $100,000), it appears that the Debtor will have to pay all of her unsecured claims in full to confirm the Plan. Indeed, the Plan does propose to pay 100% of the unsecured claims, estimated in the Plan at $10,000, at the rate of $200 per month over a period of 60 months for a total of $12,000. After chapter 13 administrative expenses, about $10,000 will actually go to creditors.

It is not clear to the court why the Plan only projects that there will be $10,000 of unsecured claims because the Debtor's schedules list unsecured nonpriority debts of $35,803.98. The claims register shows that the unsecured claims filed to date, excluding the chapter 7 Trustee's administrative claim, already exceed $18,500. If the Trustee's Application is approved, the unsecured claims will exceed $21,100. Based on the claims filed to date, the Debtor will need to pay approximately twice as much money (approximately $400 per month), to fund her Plan. The last date for creditors to file claims in this case does not expire until August 1, 2005. There is a very real possibility that the claims actually filed in this case, and the amount needed to fund the Plan, will increase substantially.

Under 11 U.S.C. § 1325(a)(6), the Debtor must also establish, as an element of confirmation of her Plan, that she "will be able to make all payments under the plan and to comply with the plan." The Debtor's Schedules I & J show that the Debtor does not even

---

[1] The Trustee filed a proof of claim and a motion for allowance of his fees and costs as a chapter 7 administration expense. The Debtor opposed the application. On June 9, 2005, this court denied that application without prejudice. After reviewing the record, the court concluded that the application was premature. The court was not persuaded that this case will remain in chapter 13 for the same reasons set forth herein.

have enough disposable income to fund the Plan in its present form ($200 per month).  There is nothing in the record to suggest that the Debtor will be able to fund a Plan which provides for full payment of the unsecured claims scheduled or actually filed.  The present Plan is not confirmable.

Dated: June ___15___, 2005

W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Deon McCracken<br>1405 E CYPRESS #222<br>REEDLEY, CA 93654 | Terri McCracken<br>4991 E McKinley Ave #117<br>Fresno, CA 93727 | James Salven<br>PO BOX 3346<br>Pinedale CA 93650 |
| M. Enmark<br>3447 W Shaw Ave<br>Fresno, CA 93711-3204 | Office of the US Trustee<br>1130 O St, Room 1110<br>Fresno, CA 93721 | |

DATED: 6/15/05    By: *Leticia Pietrowski*
                          Deputy Clerk

EDC 3-070 (New 4/21/00)